UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 162.192.7.34,<br><br>Defendant. | Case No.  26-cv-02578-VKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUBPOENA**<br><br>Re: Dkt. No. 8 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks leave to serve a third-party subpoena on AT&T, Inc. ("AT&T Internet") prior to a Rule 26(f) conference.

Strike 3 has established that good cause exists for it to serve a third-party subpoena on AT&T Internet, the above-referenced subscriber's internet service provider. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *UMG Recording, Inc. v. Doe*, No. C08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008). Strike 3 has demonstrated that (1) it can identify the defendant with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court, (2) it has identified previous steps taken to locate the elusive defendant, (3) its action against the defendant could withstand a motion to dismiss, and (4) there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). Additionally, Strike 3's application indicates that Strike 3 has satisfied the registration requirements under 17 U.S.C. § 411(a) for commencing a copyright infringement lawsuit. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019). Once Strike 3 learns the defendant's identity, it cannot rely on a bare allegation that a defendant is the registered subscriber of an internet protocol

United States District Court
Northern District of California

address associated with infringing activity to state a plausible claim for direct or contributory copyright infringement. *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018). However, at this stage of these proceedings, and upon the record presented, Strike 3 properly may serve discovery to ascertain the defendant's identity. *See generally Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1036, 1038 (9th Cir. 2018) (observing that the district court's case management order permitting "limited discovery from an Internet Service Provider to establish a potential infringer's identity" was "a sensible way to manage its dockets . . . .").

Accordingly, the Court grants Strike 3's application and orders as follows:

1.    Strike 3 may serve a Rule 45 subpoena on AT&T Internet commanding AT&T Internet to provide Strike 3 with the true name and address of the subscriber to whom AT&T Internet assigned IP address 162.192.7.34. Strike 3 shall attach a copy of this order to any such subpoena.

2.    AT&T Internet shall serve a copy of the subpoena and a copy of this order on the subscriber within 30 days of the date of service of the subpoena on AT&T Internet. AT&T Internet may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3.    Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on AT&T Internet for the purpose of protecting and enforcing Strike 3's rights as set forth in its complaint.

4.    AT&T Internet may object to the Rule 45 subpoena, and may also seek a protective order.

If AT&T Internet produces information regarding the identity of the subscriber to Strike 3, Strike 3 shall not publicly disclose that information absent consent of the subscriber or leave of court.

**IT IS SO ORDERED.**

Dated: April 15, 2026



Virginia K. DeMarchi
United States Magistrate Judge

2